NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE SHELBYZME LLC,**

*Petitioner.*

---

2013-167

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in No. 09-CV-0768, Chief Judge Gregory M. Sleet.

---

**ON PETITION**

---

Before RADER, *Chief Judge*, LOURIE and TARANTO, *Circuit Judges.*

RADER, *Chief Judge.*

**O R D E R**

This case comes to us in an interlocutory posture after a privilege dispute.  Shelbyzme LLC asks this court to issue a writ of mandamus directing the District of Delaware to vacate its order that vitiated Shelbyzme's asserted attorney-client privilege based on the "crime-fraud" exception.  Genzyme Corporation opposes the petition.

Shelbyzme is the owner of U.S. Patent No. 7,011,831.  The application that eventually gave rise to that patent was deemed abandoned in October 1999, but revived after

the applicant paid the requisite fee in March 2002 and submitted an accompanying statement that the entire delay in reviving the application had been unintentional. *See* 37 C.F.R. § 1.137(b).

In this patent infringement action, Genzyme has asserted as an affirmative defense that the Patent and Trademark Office (PTO) was deliberately misled into accepting the petition to revive the patent and sought discovery of, inter alia, communications between the applicant and counsel relating to the petition to revive.

The communications that are the subject of the order to compel appear to relate to declarations intended to accompany the petition to revive. *See* Docket Entry Nos. 204, p. 5 n.10, and 219.  In its order granting Genzyme's request, the district court found that a prima facie showing had been made that the applicant deliberately misled the PTO into believing that the entire delay in reviving the application was unintentional in view of the court's conclusion that the applicant was aware more than two years before that the fee had not been paid.

Mandamus may be used in "extraordinary circumstances" to correct an unlawful disclosure of privileged communications. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).  That standard is an exacting one, requiring petitioner to establish that there are no adequate alternative legal channels through which it may obtain the same relief and that the disclosure order "'amounts to a judicial usurpation of power or a clear abuse of discretion,' or otherwise works a manifest injustice . . . ."  *Id.*; *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004); *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976).

We cannot say that Shelbyzme has met the necessary standard to overturn the district court's disclosure order by writ of mandamus.  Shelbyzme's arguments, at bottom, are an attack on the district court's findings regarding a

prima facie case of the falsity of the representation and the applicant's intent, which this court is not prepared to disturb on the limited record before us. Petitioner may, of course, contest Genzyme's falsity and intent allegations in the contemplated bench trial, including, if possible, through a clearer and more direct explanation from the author of the key email than any petitioner has yet offered. Moreover, petitioner has alternative avenues to obtain meaningful review of its arguments after trial. *See Mohawk Indus.*, 558 U.S. at 109. For these reasons, we deny mandamus relief without prejudice to raising these issues on appeal after final judgment.[*]

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/   Daniel E. O'Toole
         Daniel E. O'Toole
         Clerk of the Court

s19

---

[*] We expect that these communications and related documents will be kept under seal to mitigate the harmful effects caused by disclosure. *See In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012). In addition, it may be advisable for the district court, in making findings after trial, to indicate separately what findings it would make without the documents obtained as a result of the piercing of the privilege at issue here.